UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM TABOADA, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:22-CV-370-MGG |

OPINION AND ORDER

William Taboada, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-11-656) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing controlled substances in violation of Indiana Department of Correction Offense 202. Following a hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Taboada argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he committed the offense of possessing controlled substances.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines possession as:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

ECF 9-15 at 6.

The administrative record includes a conduct report in which a sergeant represented that he noticed a loose plate on the wall above a shared shelf in Taboada's two-person cell. ECF 9-1. According to the conduct report, the sergeant removed the plate with a screwdriver and found several orange strips of suboxone. The administrative record includes photographs of the controlled substances. ECF 9-4. The conduct report and the photographs constitute some evidence that Taboada possessed controlled substances as defined by departmental policy.

Taboada maintains that he should not have been found guilty because his cellmate admitted to possession of the same controlled substances, pled guilty, and received disciplinary sanctions. However, upon reviewing the departmental definitions of possession and Offense 202, it is unclear why two inmates, and particularly cellmates, could not be found to have shared possession over controlled substances. Further, though Taboada relies on *Gee v. Brown*, 2017 WL 3980573 (S.D. Ind. 2017), *Gee* is materially distinguishable in two respects. First, the contraband in *Gee* was found in a locked property box in which only the cellmate had access, where, here, Taboada and his cellmate had equal access to the suboxone stored in the wall of the cell. Additionally,

2

in *Gee*, the petitioner explained to the hearing officer that the contraband belonged to his cellmate and that he did not know about it, but, at Taboada's hearing, he merely said, "No comments." ECF 9-7. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Taboada argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer was instructed to find him guilty as evidenced by the fact that the hearing officer found him guilty despite his cellmate's admission. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* There is no indication that the hearing officer was involved in the underlying incident. Moreover, though the hearing officer ultimately found Taboada guilty, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). Taboada alleges no other facts to suggest improper bias. As a result, the claim of improper bias is not a basis for habeas relief.

Taboada argues that he is entitled to habeas relief because the hearing officer did not provide him with a copy of the disciplinary decision. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564. (1974). "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for

its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). In other words, due process requires hearing officers to prepare written explanations of their decisions to allow subsequent reviewers the opportunity to conduct a meaningful analysis, but Taboada cites no authority suggesting that the failure to provide a copy to the inmate for purposes of administrative appeal rises to the level of a constitutional violation. Even if he had, Taboada does not identify any arguments that he was unable to raise on administrative appeal due to not having a copy of the disciplinary report, nor does he explain how the lack of a disciplinary report otherwise affected the outcome of his appeal. Moreover, Taboada's signature on the report indicates that he had at least some opportunity to review it. ECF 9-7. Therefore, this claim is not a basis for habeas relief.

If Taboada wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES William Taboada leave to appeal in forma pauperis.

4

SO ORDERED on September 15, 2022

                                                      s/ Michael G. Gotsch, Sr.
                                                    Michael G. Gotsch, Sr.
                                                    United States Magistrate Judge